OPINION. Leech, Judge-. Since both parties have obviously assumed the fact, we also assume from the record, as an entirety, that petitioner was on the cash basis. Thus, if the transaction is to be treated as being a sale of securities, as both parties have done, since petitioner received no cash therefrom in the taxable year, her gain must be limited to the amount by which the fair market value of the annuity contracts when received exceeded her basis for the securities sold. Sec. 111 (a) and (b), I. R. C. That basis to petitioner was $102, 223.78. The obligors on the annuity contracts were all individuals. They were not “a sound insurance company.” But the terms of the annuity agreements were computed on the same basis as similar contracts of companies in the business of writing annuity contracts. The then fair market value of the securities transferred for the annuities was less than the basis of the securities to petitioner, by about $6,000. Petitioner argues, in effect, that when she received the annuity contracts in the taxable year, they were without fair market value as a matter of law. Whether this is so, we do not decide. In any event under the present circumstances, we think, such fair market value, as a matter of fact, did not exceed her basis for the securities she exchanged for the annuities. See J. Darsie Lloyd, 33 B. T. A. 903; Frank C. Deering, 40 B. T. A. 984; Burnet v. Logan, 283 U. S. 404; Bedell v. Commissioner, 30 Fed. (2d) 622; Evans v. Rothensies, 114 Fed. (2d) 958; Cassatt v. Commissioner, 137 Fed. (2d) 745. And no taxable gain resulted. On the other hand, if, despite the treatment accorded these agreements by both parties, the transaction be considered a purchase of an annuity by petitioner, the same conclusion must follow, since petitioner received nothing from the contracts in the taxable year. Sec. 22 (b) (2), I. R. C.; Frank C. Deering, supra. Respondent is reversed. Decision will be entered for the petitioner.